## COUNTIES—HIGHWAYS—NEGLIGENCE.

[Williams (6th) Circuit Court, January 21, 1905.]

ELLA SMITH V. WILLIAMS CO. (COMRS.).

COUNTY COMMISSIONERS NOT LIABLE FOR INJURIES FROM DEFECTIVE HIGHWAY.

> Revised Statute 845 (Lan. 2104) does not impose upon county commis-
> sioners the duty of keeping unimproved county highways in repair.
> Therefore, such commissioners are not officially liable for injuries sus-
> tained by a person, by reason of the conveyance in which she was riding
> sliding into a deep rut or hole. And on such a showing a directed
> verdict for defendants is not error.

[For other cases in point, see 3 Cyc. Dig., "Counties," §§ 565-580.—Ed.]

ERROR to Williams common pleas court.

**L. E. Griffin** and **C. L. Newcomer,** for plaintiff in error.

**Edward Gaudern** and **C. E. Bowersox,** for defendants in error.

**HULL, J.**

This action was brought against the board of commissioners of
Williams county under Rev. Stat. 845 (Lan. 2104) to recover damages
for personal injuries the plaintiff claims she sustained on account of
one• of the county roads of the county being out of repair and danger-
ous at the time of her injuries. She alleges in her petition that she
had been in the town of Bryan on the day of her injury; started home
in the evening with a livery rig and driver, and at a certain point in
this road, or a certain portion of the road I would say, where she was
driving, it was out of repair and had been for many months, in that
there were dangerous holes in it, washouts, pits, and deep gullies, and
that• the commissioners had carelessly and negligently permitted that
condition of affairs to exist, and as she was driving along in the buggy,
her driver undertook to pass another conveyance going the same di-
rection, and the accident occurred, the wagon in some way sliding into
one of these holes, and she was injured, for which she asks damages.

The plaintiff offered testimony, quite a large amount, which tends
to show that the allegations in her petition are true as to the facts in
the case, but at the conclusion of the testimony in favor of plaintiff,
a motion was made to direct a verdict in favor of defendants, upon the
ground that the county was not liable in this case and that it was not
one that fell within Rev. Stat. 845 (Lan. 2104), making the com-
missioners liable in their official capacity for negligence. This motion
was argued and sustained by the court of common pleas; the verdict
directed in favor of the commissioners, which is in favor of the county;

suit was brought against them in their official capacity, and the question here is, and practically the only question whether under the facts in this case and under the law there was any liability on the part of the county.

The case was argued very fully and very full and comprehensive briefs filed by counsel in the case. A very large number of statutes were cited and reviewed by counsel in oral argument and in briefs filed. Prior to the amendment of Rev. Stat. 845 (Lan. 2104), as has been held by the Supreme Court, and as is well known, there was no liability on the board of commissioners for injuries such as this. The county was a mere territorial division for governmental purposes, erected largely for the convenience of the state, and unlike the case with municipal corporations there was no liability imposed upon the community or upon the county for injuries resulting from defective roads. There were officers such as county commissioners, trustees and supervisors who, under certain conditions, were given the power to improve roads, or levy taxes, but a person using the roads, so far as defects were concerned, did it at his own chances, or at his own risks, without any right to bring an action for damages on account of defects in the road; but this Rev. Stat. 845 (Lan. 2104) introduced a new element, by providing that county commissioners may sue and be sued and shall be capable of pleading and being impleaded in any court of judicature and of bringing, maintaining and defending all suits, either in law or in equity, involving any injury to any public state or county road, bridge or ditch, drain or water course established by such board in their county, and, for the prevention of injury to the same, any such board of county commissioners shall be liable in their official capacity for any damages received by reason of the negligence or carelessness of said commissioners, in keeping any such road or bridge in proper repair. It is this last thing that I have read that imposes the liability upon the county in this case.

No case exactly like this has been before the Supreme Court under this statute. Cases involving actions on account of defective bridges, defective on account of not being kept in repair, or in their construction, have been before the Supreme Court. There are two leading cases of this kind, *Alexander v. Brady*, 61 Ohio St. 174, 175 [55 N. E. Rep. 173]; *Hardin Co. (Comrs.) v. Coffman*, 60 Ohio St. 527 [54 N. E. Rep. 1054; 48 L. R. A. 455]. It has been held in those cases that there was a liability on the part of the county as represented by the county commissioners for negligence in not caring for the county

bridges; but whether the county is liable in such a case as this has not been decided by the Supreme Court. That this was a county road seems to be admitted, but it is urged that no duty is imposed upon the county commissioners by any statute, of making such repairs as seem to have been necessary here under the circumstances of this case, while, in the case of bridges by express statutory provision, the duty is imposed upon the county commissioners to keep them and their approaches in repair.

This statute makes the county liable for the negligence of the commissioners. There can be no negligence unless some duty has been imposed upon them in reference to a case of this kind. The commissioners have power to levy taxes for road and bridge purposes, and it is their duty in some cases to repair roads; as, for instance, where, by freshet or inundation, the road has been partially or wholly swept away so as to render it impassable, there it is the duty of the commissioners to repair the road. That is not claimed to be the case here, but it is claimed that this condition existed in the road for several months as alleged in the petition.

Now, we have examined, so far as we know, all of the statutes bearing upon this question, and we have been unable to find any statute expressly imposing this duty upon the county commissioners in a case of this kind. I will not undertake to review all of the statutes bearing on roads and bridges as they are numerous and it would be impossible to review them in this opinion, but it will be observed that this statute only makes the county liable for the negligence of the commissioners. It does not, as in some of the bridge statutes, make the county liable for damages in case of failure to repair and keep in repair bridges as expressed in some of the bridge statutes. Negligence is the failure to use ordinary care. It is the failure to perform a duty imposed upon one either by statute or by common law, and the language used here, in using the word "negligence," is different from that used in the bridge statutes, and in order to make the county commissioners liable for defects in county roads under this statute, it must be shown that they were negligent in some respects.

It is provided in some of the statutes relating to improved roads and in other cases that the commissioners shall keep them in repair, but there is no such provision as to an ordinary county road. On the contrary, express provisions are made in some statutes, as to township trustees' keeping roads in repair, and conditions as to supervisors' keeping roads in repair in their district, and provisions as to the fund

Smith v. Commissioners.

from which they may draw to keep the roads in their district in repair.

In this county there are some one hundred and forty supervisors.

Judge Williams, in delivering the opinion of *Hardin Co. (Comrs.)* v. *Coffman, supra,* discusses the question with reference to roads, and he says in the course of that discussion that the county is liable for defects in the highway, and puts them on the same level with bridges, and in discussing that question he discusses it as though there was a general liability on the county in failing to keep the county and state roads in repair.

As I have said, the statute as to bridges has expressly provided that the commissioners keep them in repair, and therefore what is said by Judge Williams cannot be regarded as decisive of this question, or as the decision of the court. So far as we are able to find, there is no such express duty imposed upon the county commissioners in reference to such a road as this, and under these circumstances it is provided by some of the statutes, where repairs are to be made, a petition is to be filed invoking the action of the county commissioners to give them jurisdiction in the matter. Nothing of that kind has come in this case, or any evidence offered to show it. It not appearing herein that there has been a violation of any statute on the part of the county commissioners, in our opinion it has not been shown that they have been guilty of any negligence. This statute should receive a reasonably strict construction, for to impose upon the county the liability for a defect in any road would impose a tremendous liability regardless of the fact as to whether or not the board of county commissioners are actually negligent or not. If that is the law, it would require the county commissioners to devote a good deal of their time to patrolling the roads of the county to see that they were in proper repair.

Whether the doctrine of constructive notices would prevail or not, we are uncertain; that is, to hold the county liable on the ground that it had been out of repair for some time. There is no claim in this case that there was any actual notice to the commissioners of the condition of this road. The question is an important one, and one that should be settled by the Supreme Court. In the light that we now have and that we were able to gain, we are of the opinion that the action of the court of common pleas was correct and, therefore, the judgment of that court will be affirmed. There is no other claim of error in the record that need be especially discussed. The judgment will be affirmed.

**Haynes** and **Parker, JJ.,** concur.